# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSHUA DOUGLAS RALPH,

      Plaintiff,

v.                                    Case No:   6:25-cv-1807-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant

---

## MEMORANDUM OF DECISION[1]

Joshua Douglas Ralph ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Doc. No. 1.   Claimant raises one argument—that remand of the Commissioner's final decision under sentence six of 42 U.S.C. § 405(g) is warranted based on the submission of new evidence to this Court.   Doc. Nos. 14, 14-1; *see also* Doc. No. 16. The Commissioner opposes and asks that the final decision be affirmed.   Doc. No. 15.   For the reasons discussed herein, the Commissioner's final decision is

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. No. 1; *see also* Case No. 3:21-mc-1-TJC, Doc. No. 117.

**AFFIRMED**, and Claimant's request for remand under sentence six (Doc. No. 14) will be **DENIED**.

## I.    PROCEDURAL HISTORY.

On December 6, 2021, Claimant filed an application for DIB, and on March 22, 2022, Claimant filed an application for SSI.    R. 53, 141, 142. [2]    In both applications, Claimant alleged that he became disabled on February 5, 2021.    *Id.* Claimant's applications were denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ").    R. 233–43, 247– 61, 272–73.    An ALJ held a hearing on December 13, 2023, at which Claimant appeared with counsel.    R. 84–114.    Claimant and a vocational expert ("VE") testified at the hearing.    *Id.*    On March 25, 2024, the ALJ issued a decision finding that Claimant was not disabled.    R. 195–219.    Claimant requested review by the Appeals Council.    R. 284–85.    On May 1, 2024, the Appeals Council vacated the ALJ's decision and remanded the case.    R. 220–26.

On remand, the assigned ALJ held a hearing on December 4, 2024, at which Claimant again appeared with counsel.    R. 54, 115–40.    Claimant and a VE testified at the hearing.    *Id.*; *see also* R. 578–81 (vocational interrogatory).    After the hearing, on January 28, 2025, the ALJ issued another unfavorable decision finding that Claimant was not disabled.    R. 50–83.    Claimant requested review by the

---

[2] The administrative transcript is available at Doc. No. 9, at will be cited as "R. ___."

Appeals Council.   R. 378–80.   On February 21, 2025, the Appeals Council denied review.   R. 36–42.

On April 8, 2025, Claimant obtained new counsel, Attorney Bradley K. Boyd. *See* R. 8–35.[3]   That day, Attorney Boyd sent a document titled "Request for File to Be Re-Opened, Request for Extension of Time to Legal Argument, Request for Access to Electronic File" to the Appeals Council requesting that Claimant's case be reopened due to new evidence.   R. 6, 24.   Attorney Boyd submitted that Claimant's former attorney did not advise him to obtain opinions regarding his mental health functioning, despite the fact that the VA had assessed Claimant's disability relating to his mental health at 70%.   *Id.*   It does not appear that the Appeals Council responded in writing to this request.

On July 10, 2025, Attorney Boyd sent a second "Request for Extension of Time to Legal Argument" to the Appeals Council.   R. 5.   In that document, Attorney Boyd states that he was informed by telephone that the Appeals Council does not reopen cases for new evidence, and states that he was instead requesting an extension of 60 days to file a complaint in federal court.   *Id.*   On September 2, 2025, the Appeals Council granted the request, and extended the time for Claimant to file an appeal for 30 days.   R. 1–3.   This timely appeal, filed on September 18, 2025,

---

[3] During the prior administrative proceedings, Claimant was represented by Velma Jones, an attorney.   *See, e.g.*, R. 54, 84, 115.

follows.   Doc. No. 1.

## II.   THE ALJ'S DECISION.[4]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a).   R. 53–77.[5]   The ALJ first found that Claimant met the insured requirements of the Social Security Act through December 31, 2024.   R. 56.   The ALJ also found that Claimant had not engaged in substantial gainful activity since February 5, 2021, the alleged disability onset date.   *Id.*   The ALJ concluded that Claimant suffers from the following severe impairments: cervical spine spondylosis, cervical disc disease, cervical fusion at C6-7, obesity, hypertension, alcoholic pancreatitis or alcohol

---

[4] Upon a review of the record, and except as otherwise noted herein, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in their briefing.   Doc. Nos. 14–16.   Accordingly, the undersigned restates the facts only as relevant to considering the issue raised by Claimant.

[5] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

induced pancreatitis, cirrhosis of the liver, hepatic steatosis, and traumatic brain injury.  *Id.*[6] The ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 61.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[7] except:

> [C]laimant can frequently climb ramps, stairs, ladders, ropes or scaffolds. The claimant can further frequently balance, stoop, kneel, crouch and crawl.   The claimant can only occasionally reach overhead with the left arm.   The claimant should avoid a concentrated exposure to hazards such as machinery or heights.

*Id.*   In making this determination, the ALJ reviewed the medical evidence of record, to include Claimant's treatment records and opinions from medical professionals,

---

[6] The ALJ concluded that Claimant's posttraumatic stress disorder (PTSD), anxiety disorder, depressive disorder, and panic attacks were non-severe impairments.   R. 56.

[7] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

including treatment records and opinions from Shawn St. Marie, D.O., of Osteopathic Health of Orlando, Claimant's treating physician.   R. 65–66, 69, 70–71, 73–74; *see also* R. 60–61.   This review included an opinion from Dr. St. Marie dated September 18, 2024, which the ALJ found unpersuasive, as it was conclusory, unsupported, and inconsistent with the medical record.   R. 73–74; R. 2745–48.   The ALJ also considered records from the VA, as well as a 100% VA service-connected disability rating.   R. 74 (citing Exhibits 17D (December 9, 2021, 100% service-connected disability rating), 13E (October 13, 2023 letter from Claimant regarding VA service-connected disability rating), and 9F (noting 100% service-connected disability rating).

The ALJ found that Claimant had no past relevant work.   R. 74.   However, after considering Claimant's age, education, work experience, and RFC, as well as the testimony from the VE, the ALJ found that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations to include routing clerk, merchandise marker, and cleaner, housekeeper.   R. 74–76.   Accordingly, the ALJ concluded that Claimant was not under a disability, as defined in the Social Security Act, from the alleged disability onset date (February 5, 2021) through the date of the decision.   R. 76–77.

## III.   STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner

- 6 -

pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

Claimant raises one argument in this appeal: that there is a reasonable probability the new evidence Claimant submits to this Court (Doc. No. 14-1) would

change the administrative result, there is good cause for Claimant's failure to submit the evidence at the administrative level, and thus remand under sentence six of 42 U.S.C. § 405(g) is warranted.   Doc. No. 14, at 25–30; *see also* Doc. No. 16. Accordingly, this is the only issue that the Court will address.

Sentence six of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable.   *Ingram*, 496 F.3d at 1261.   To show that a sentence six remand is warranted, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level."   *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).   "However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary.   Rather, sentence six encompasses only those instances in which the district court learns of new evidence that might have changed the outcome of that proceeding."   *Jones v. Comm'r of Soc. Sec. Admin., Miami S Region*, 497 F. App'x 888, 892 (11th Cir. 2012) (citations omitted).[8]

---

[8] While unpublished opinions are not binding precedent, they may be considered as persuasive authority.   *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

Here, Claimant submits a Physical Restrictions Evaluation from his treating provider, Dr. St. Marie, that was completed on March 14, 2025, after the Appeals Council denied review on February 21, 2025.   Doc. No. 14-1; *see* R. 36–42.   The form states that the time period to which Dr. St. Marie's opinions apply is March 1, 2023 (the date Dr. St. Marie began treating Claimant) to present.   Doc. No. 14-1, at 1.   Later, the form states that Dr. St. Marie reviewed VA Medical Records, and the form indicates that Dr. St. Marie believes that based on the review of those records, Claimant's limitations would have been effective back to February 1, 2021.   Doc. *Id.*, at 2.   The form states that Dr. St. Marie reviewed three VA Decision Letters, from January 23, February 10, and February 24, 2025, as well as his osteopathic charts.   *Id.* at 2.[9]

Dr. St. Marie makes several opinions regarding Claimant's limitations.   *Id.* at 1–2.   Specifically, that Claimant is limited to sitting, standing/walking for less than 1 hour in a 8-hour day; he is limited to lying down/reclining for 6 hours in an 8-

---

[9] According to Dr. St. Marie's form, the January 30, 2025 VA letter rated PTSD with major depressive disorder at 70% disabling; the February 10, 2025 letter rated migraine headaches at 50% disabling; and the February 24, 2025 letter rated bilateral knee tendinosis as 50% disabling.   Doc. No. 14-1, at 2.

Although these VA records post-date the ALJ's decision, two pre-date the Appeals Council's decision, and Claimant does not seek remand for consideration of these VA records, nor does Claimant submit them to this Court.   Doc. No. 14.   Nor does Claimant argue that the information or its equivalent was not in the record at the time of the ALJ's decision in this case.   *See, e.g.*, R. 74 (ALJ's consideration of 100% VA service-connected disability rating).

hour day; he can stoop only once per day; he would be absent from work more than 3 times per month due to his impairments; he would be off-task 25% or more of a workday; he is limited to lifting and carrying 10 pounds; and would be limited to frequently reaching above his head, reaching in all other directions, fine finger manipulation, and gross manipulation.  *Id.* at 1–2.  In "summary justification" for these restrictions, Dr. St. Marie opines that Claimant has "severe, chronic physical and psychological conditions significantly restricting his vocational capacity," and Claimant "is unable to reliably or consistently perform any substantial gainful activity due to these combined limitations."  *Id.* at 2.

Claimant argues that the opinion from Dr. St. Marie is new and non-cumulative because it post-dates the Appeals Council's denial of review, and because the record does not contain any opinions from treating physicians offering such specific limitations for Claimant as those provided by Dr. St. Marie.  Doc. No. 14, at 26–27.  Claimant further argues that the evidence is material because Dr. St. Marie opined to restrictions (that Claimant would be off task more than 25% or more of a workday, and absent from work 3 or more times per month), that the VE testified would be work preclusive.  *Id.* at 27–28.  Finally, Claimant contends that there is good cause for his failure to submit the evidence during the administrative proceedings because the evidence did not exist at that time, the evidence was not obtained in bad faith, and the evidence was obtained on the advice of new counsel,

- 10 -

Attorney Boyd, who was retained after the administrative proceedings had concluded. *Id.* at 29–30.[10]

The Commissioner does not appear to dispute that the evidence from Dr. St. Marie is new and noncumulative. Doc. No. 15. *But see Pitochelli v. Comm'r of Soc. Sec.*, No. 6:20-cv-135-DCI, 2021 WL 825089, at \*3 (M.D. Fla. Mar. 4, 2021) ("The attorney's request for the physician . . . to revisit the issue in order to refute the ALJ's opinion does not seem 'new.' If the Court accepts Claimant's position then a litigant would be permitted to . . . go back to their physician after-the-fact to reevaluate evidence already considered by the ALJ under the guise of calling it 'new' each time an unfavorable decision is rendered."); *Dooley v. Astrue*, No. CV 111-180, 2012 WL 5987511, at \*4 (S.D. Ga. Nov. 9, 2012), *report and recommendation adopted*, 2012 WL 5987525 (S.D. Ga. Nov. 29, 2012) ("[A]lthough Dr. Turner's October 28, 2010 medical assessment is irrefutably 'new,' in that it postdates the ALJ's January 11, 2010 decision, it is not altogether noncumulative, in that Dr. Turner specifically notes that it is based on his earlier evaluation of Plaintiff from December 4, 2009 as well as a review of Dr. House's report from June 19, 2009. In other words . . . Dr. Turner's new assessment is not based on any additional

---

[10] In his briefing, Claimant contends that the Appeals Council denied Claimant's request to reopen the case based on new evidence; however, the record does not appear to include any such document establishing such denial, but rather includes only (and Claimant cites only) the Appeals Council's letter granting Claimant additional time to file his case in federal court. *See* R. 1–3.

- 11 -

evidence or updated medical records outside of those already in the record, and instead simply recasts his previous findings in the light of Plaintiff's ability to perform work-related activities."). Instead, the Commissioner argues that the evidence is not material, and that Claimant fails to establish good cause for his failure to submit the evidence at the administrative level. Doc. No. 15.

Although the Commissioner disputes materiality on the basis that "Dr. St. Marie's opinion is not persuasive," the Court assumes, without deciding, that for purposes of this Memorandum of Decision the evidence could be material, given that Dr. St. Marie opines to specific limitations that were not before the ALJ, and that contradict the testimony of the VE. Doc. No. 14-1. *See generally Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) ("Hyde has established that the evidence is 'material' in that there is a reasonable possibility that the new evidence would change the administrative outcome. The new evidence provides objective medical support for Hyde's subjective complaints of pain and, if accepted, may warrant acceptance by the ALJ of these allegations of pain."); *see also Russell v. Berryhill*, No. 3:15CV698-SRW, 2017 WL 1160582, at *5 (M.D. Ala. Mar. 28, 2017) ("[T]he court is not permitted to 'discount' the evidence at this stage of the proceedings—although the ALJ may certainly do so on remand." (citation omitted)); *Brehm v. Astrue*, No. 8:09-cv-263-T-30TGW, 2009 WL 4041826, at *3 (M.D. Fla. Nov. 20, 2009) ("[A]ll that

is required is a showing that there is a reasonable possibility that the new evidence could change the result.   That is not a demanding standard.").

However, upon consideration, the Court agrees with the Commissioner that Claimant fails to establish good cause for his failure to submit this evidence during the administrative proceedings, which is dispositive of this appeal.   *See generally Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991) ("Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the [Commissioner's] decision, but only if the claimant shows good cause for failing to present the evidence earlier."); s*ee also Mainer v. Comm'r of Soc. Sec.*, No. 8:20-cv-2124-JSS, 2021 WL 5177606, at *2 (M.D. Fla. Nov. 8, 2021) ("All three requirements must be met to warrant remand under sentence six on a plaintiff's motion."); *Fremd v. Barnhart*, 412 F. Supp. 2d 1245, 1258 (M.D. Ala. 2005) ("The court does not address whether this evidence is new, non-cumulative, or material, because it is evident that plaintiff has failed to demonstrate good cause for her failure to introduce the evidence at the appropriate administrative level.").

"The good cause requirement was designed to avoid the danger of encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal."   *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987) (citations and quotation marks omitted)).   Courts have held that "neither procrastination nor oversight are appropriate bases to establish good

- 13 -

cause." *Lindsey v. Comm'r of Soc. Sec.*, No. 2:16-cv-317-FtM-MRM, 2017 WL 4174307, at *11 (M.D. Fla. Sept. 21, 2017), *aff'd*, 741 F. App'x 705 (11th Cir. 2018) (citing *Caulder v. Bowen*, 791 F.2d 872, 879 (11th Cir. 1986); *Rosenkranz v. Soc. Sec. Admin., Comm'r*, No. 4:12–CV–2249–AKK, 2013 WL 2108144, at *5 (N.D. Ala. May 15, 2013)); *see also Mainer*, 2021 WL 5177606, at *4 ("The good cause requirement of sentence six demands more than inadvertence, oversight, or gamesmanship." (collecting cases)).   And good cause is not established, as Claimant suggests, solely on the basis that the evidence was created after the conclusion of the administrative proceedings.   Doc. No. 14, at 26, 28.   *See, e.g.*, *Cumbess v. Astrue*, No. 5:07-CV-386 CAR, 2009 WL 3064526, at *2 (M.D. Ga. Sept. 22, 2009) ("Contrary to the assertion by Claimant, the good cause requirement is not satisfied by merely demonstrating that the evidence did not exist when the matter was still at the administrative level. If this was the case, any plaintiff who was not successful at the administrative level could get a second chance simply by procuring and submitting a newly created report from a physician or other professional.").

Claimant relies on several cases from the Eleventh Circuit to argue that "[t]he good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings."   Doc. No. 14, at 28.   But the Court does not find that these cases stand for such a broad proposition, particularly where, as in this case, prior evidence was available from Dr. St. Marie during the administrative

- 14 -

proceedings, Claimant submits this new evidence to merely bolster Dr. St. Marie's prior opinions, and it appears that Claimant could have asked Dr. St. Marie to create this particular functional report during the administrative proceedings.

For example, *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986), stands for the proposition that nonexistence of evidence during the administrative proceedings "may" constitute good cause, suggesting it depends on the circumstances of the case, and finding good cause "on the facts of [that] case." *Caulder*, 791 F.2d at 878-79 (11th Cir. 1986). And in *Caulder*, the claimant was unable to submit evidence of a subsequent surgery during the administrative proceedings based on a hospitalization. *Id.* *Smith v. Bowen*, 792 F.2d 1547 (11th Cir. 1986), likewise concerned evidence regarding a surgery conducted after the administrative proceedings, which the Eleventh Circuit noted related to a dispositive issue in the case. And *Cannon v. Bowen*, 858 F.2d 1541 (11th Cir. 1988), concerned a claimant's hospitalization *after* an appeal was filed, and evidence related thereto, which is unlike the circumstances presented in this case. Finally, although *Hyde v. Bowen*, 823 F.2d 456 (11th Cir. 1987) concerned evidence that existed both before and after the administrative proceedings, the evidence acquired after the administrative proceedings was based upon reevaluation of the claimant and directly related to a dispositive issue in that appeal, to wit, "objective medical

- 15 -

evidence which the ALJ previously had found to be wanting." *Hyde*, 823 F.2d at 459.[11]

In short, although some cases have held to the contrary,[12] this Court sides with the line of authority stating that good cause is not automatically established by submission of evidence post-dating the administrative proceedings, and instead, the good cause inquiry depends on the circumstances of each case. *See, e.g.*, *Vlamakis v. Comm'r of Soc. Sec.*, 172 F. App'x 274, 277 (11th Cir. 2006) (finding lack of good cause for not obtaining a physician's letter at an earlier date when the evidence on which the letter was based was available several years before the administrative proceedings began); *Shoemaker v. Comm'r, Soc. Sec. Admin.*, No. 7:21-CV-01616-SGC, 2023 WL 2563730, at *7 (N.D. Ala. Mar. 17, 2023) ("There is a distinction to be made between evidence that did not exist at the administrative level because it could not

---

[11] The Court notes that in reply, Claimant also relies on *Archer v. Comm'r of Soc. Sec.*, 176 F. App'x 80 (11th Cir. 2006), to argue that non-existence of evidence at the administrative level satisfies the good cause standard. Doc. No. 16, at 5. But the Court finds Claimant's reliance on *Archer* unpersuasive, as in that case, the Court affirmed denial of sentence six remand, noting only in a footnote that it "appear[ed]" that the claimant could meet the good cause standard. *Archer*, 176 F. App'x at 81 n.3. Notably, the evidence in *Archer* concerned new medical evidence as well as an MRI report, contrary to the circumstances here. *See id.* at 80–81.

[12] There are some cases standing for the broad proposition that good cause is established based on the submission of any new evidence. *See, e.g., Lipscomb v. Comm'r of Soc. Sec.*, 199 F. App'x 903, 907 (11th Cir. 2006); *Rivera v. Comm'r of Soc. Sec.*, No. 6:19-cv-843-Orl-MAP, 2020 WL 2111248, at *5 (M.D. Fla. May 4, 2020); *Russell*, 2017 WL 1160582, at *4; *Boston v. Colvin*, No. 2:14-CV-2016-SLB, 2016 WL 3753161, at *5 (N.D. Ala. July 14, 2016); *Tolbert v. Colvin*, No. 5:13-CV-1864-CLS, 2014 WL 3889476, at *2 (N.D. Ala. Aug. 4, 2014).

have existed at the administrative level, as was the case in *Cannon [v. Bowen*, 858 F.2d 1541 (11th Cir. 1988)], and evidence that did not exist at the administrative level because it was created in response to an unfavorable administrative decision.    The latter scenario falls squarely within the bounds of the conduct the good cause requirement was designed to discourage." (citation omitted)); *Pitochelli*, 2021 WL 825089, at *5 ("The Court does not agree that good cause is automatically shown because the evidence came later." (citation omitted)); *Cumbess*, 2009 WL 3064526, at *2 ("[T]he good cause requirement is not satisfied by merely demonstrating that the evidence did not exist when the matter was still at the administrative level."); *Harris v. Apfel*, No. CIV.A.98-0953-MJ-G, 1999 WL 33915955, at *2–3 (S.D. Ala. Oct. 14, 1999) ("The plaintiff asserts that the non-existence of this evidence before the ALJ's decision automatically satisfies the good cause requirement.    The plaintiff's argument mischaracterizes the good cause element. . . .  *Cannon* does *not* hold that prior non-existence establishes good cause when the plaintiff shows no good reason for that prior non-existence." (emphasis in original)).

So, the Court must determine based on the facts of this case if Claimant has established that good cause exists for his failure to present the evidence at the administrative level.    Claimant attempts to establish good cause based solely on the appearance of new counsel and counsel's request for the new evidence.   Doc. Nos. 14, 16.   The Court finds the argument unpersuasive based on the facts of this

case.   *See Pitochelli*, 2021 WL 825089, at \*6 ("The Court doubts that good cause exists every time a litigant obtains new counsel who acquires evidence that a previous attorney did not request.").

Claimant relies on a single case to argue that good cause exists because he retained Attorney Boyd after the Appeals Council issued its denial on February 21, 2025.   Doc. No. 14, at 29–30; *see Digiovanni v. Apfel*, No. 97-245-CIV-FTM-21D, 1999 WL 33601325 (M.D. Fla. Feb. 8, 1999).   True, in *Digiovanni*, the Court stated:

> The Court will agree with the Commissioner's arguments that the Plaintiff could have obtained Dr. Taylor's report at any time prior to or during in the administrative proceedings by simply asking Dr. Taylor to complete the Medical Evaluation Form.   However, according to counsel for the Plaintiff, prior counsel failed to obtain this report and once new counsel was retained by the Plaintiff, new counsel immediately obtained this Medical Evaluation Form and submitted it to the Appeals Council as well as the Court.   The Court finds that the Plaintiff's new counsel did immediately obtain the report and did submit it as soon as was practicable.   Further, the Court finds that the Plaintiff should not be denied an opportunity for the ALJ and the Appeals Council to fairly review his case based upon failure of initial counsel to obtain material evidence in this case.   Therefore, the Court finds that good cause exists.

*Digiovanni*, 1999 WL 33601325, at \*6.[13]

---

[13] In reply, Claimant cites one other decision in line with *Digiovanni,* but that case likewise cites no legal authority in support.   *See Pruitt v. Astrue*, No. CIV. A. 07-0634-M, 2008 WL 801799, at \*4 (S.D. Ala. Mar. 24, 2008) ("Though there is no good explanation as to why Plaintiff's former attorney did not present the evidence, this Court does not wish to see the error compounded." (record citation omitted)).

But no legal authority is cited for this proposition, and it runs contrary to several other decisions finding that good cause does not exist based simply on the retention of new counsel and counsel's attempt to acquire a new medical opinion from a treating doctor to contradict an unfavorable decision. *See, e.g., Buckelew v. Berryhill*, No. 4:16-CV-1721-AKK, 2017 WL 4882380, at *6 (N.D. Ala. Oct. 30, 2017) ("Obtaining new counsel, taken alone, does not constitute good cause." (citing *Geyen v. Sec'y of Health & Human Servs.*, 850 F.2d 263, 264 (5th Cir. 1988))); *Jones v. Colvin*, No. 3:12-cv-718-J-25MCR, 2013 WL 3153844, at *2 (M.D. Fla. June 19, 2013) ("[T]he ALJ's decision should not be remanded simply because Plaintiff's current counsel asked a doctor to produce additional evidence two years after the ALJ's decision."); *Mosley v. Astrue*, No. 3:07-cv-729-J-TEM, 2008 WL 3982508, at *4 (M.D. Fla. Aug. 25, 2008) (finding that the claimant failed to satisfy the good cause requirement for a sentence six remand where the records were available during the administrative proceedings, even though the claimant argued that the failure to submit was due to neglect of prior counsel); *see also Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the claimant's] unstated, but unmistakable, premise that the alleged incompetence of [her] first attorney constitutes 'good cause' in this context."); *Geyen*, 850 F.2d at 264 ("The explanation offered by Geyen—that he obtained new counsel after the administrative process concluded, counsel who sent him to a

- 19 -

psychologist—is not the sort upon which we can hold the trial court in error.   Such a rule would require that court to order a new beginning in such a matter whenever an applicant acquires a new lawyer with a new idea.   We decline to adopt such a general rule."); *Sfetku v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00028-PHX-JAT, 2019 WL 92499, at *13 (D. Ariz. Jan. 3, 2019) ("[T]he Court does not believe that counsel's performance is a proper basis upon which to find 'good cause' for not submitting to the ALJ available evidence." (citations and quotation marks omitted) (collecting cases)); *Stover v. Comm'r of Soc. Sec.*, No. CV 16-1265, 2017 WL 3190724, at *4 n.6 (W.D. Pa. July 27, 2017) ("Where a plaintiff retains new counsel on appeal and this counsel obtains new evidence, the change in counsel cannot in and of itself serve as good cause for remanding the case under Sentence Six.   To find otherwise would impermissible enable plaintiff to obtain[] another bite of the apple." (citations and quotation marks omitted) (collecting cases)); *Helen Cross v. Colvin*, No. 6:16-CV-0111 (GTS), 2016 WL 7011477, at *5 (N.D.N.Y. Dec. 1, 2016) ("[T]he omissions of Plaintiff's former counsel do not establish good cause to obtain a sentence six remand." (collecting cases)).[14]

---

[14] In does not appear that the Eleventh Circuit has spoken directly on this issue. The undersigned acknowledges that some courts in this Circuit have found good cause warranting sentence six remand based on evidence that existed (or could have existed) during the administrative proceedings when there are other circumstances in addition to the appearance of new counsel, such as a claimant's inability to assist his/her prior counsel in obtaining the evidence. *See, e.g.*, *Mainer*, 2021 WL 5177606, at *5 (considering the claimant's intellectual disability, extremely low IQ, inability to read instructions, and

In sum, Claimant's only argument on good cause is that the evidence did not exist before the conclusion of the administrative proceedings because it was obtained only through the advice of new counsel, who was retained after the administrative proceedings concluded.   Doc. Nos. 14, 16.   But, as discussed above, Dr. St. Marie has been Claimant's treating provider all along, and Claimant submitted medical records and medical opinions from Dr. St. Marie during the administrative proceedings, as well as records from the VA, which the ALJ considered.   R. 65–66, 69, 70–71, 73–74.   And outside of the retention of new counsel, there is no explanation for Claimant's failure to obtain/submit this opinion from Dr. St. Marie during the administrative proceedings, particularly where the "new" evidence attached to Claimant's briefing demonstrates that Dr. St. Marie's new opinions are based on evidence that already existed and was submitted during the administrative proceedings.   Doc. No. 14-1.   Although the Court is sympathetic to the argument that prior counsel may have dropped the ball, on the facts of this case, the Court concludes that retaining new counsel alone and

---

impaired short-term memory in finding good cause); *Elaine B. v. Saul*, No. 1:19-CV-02300-LTW, 2020 WL 13596321, at *11 (N.D. Ga. Dec. 7, 2020) (similar, where the claimant had severe intellectual limitations); *Jennings v. Astrue*, No. 1:09-CV-1500-TWT-LTW, 2010 WL 3418336, at *9 (N.D. Ga. Aug. 5, 2010), *report and recommendation adopted*, 2010 WL 3418341 (N.D. Ga. Aug. 25, 2010) (similar, based on the claimant's documented homelessness and mental illness).   Claimant, however, does not rely on this line of authority, nor does Claimant argue that such circumstances existed here.   *See* Doc. Nos. 14, 16.

- 21 -

submitting new evidence that was apparently available during the administrative proceedings simply to contradict an unfavorable decision is not enough. *E.g.*, *Buckelew*, 2017 WL 4882380, at *6; *Jones*, 2013 WL 3153844, at *2; *Mosley*, 2008 WL 3982508, at *4. For these reasons, the Court rejects Claimant's sole argument.

## V.   CONCLUSION.

Based on the foregoing, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**, and Claimant's request for remand under sentence six of 42 U.S.C. § 405(g) is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record